## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PPS DATA, LLC, | |
| Plaintiff, | Case No. _____ |
| v. | |
| VSOFT CORPORATION and VSERVE, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

PPS DATA, LLC ("PPS Data") files this Complaint against VSOFT CORPORATION and VSERVE, INC. and alleges as follows:

### I.    THE PARTIES

1.    PPS Data, LLC is a Nevada limited liability company having its principal place of business at 3949 South 700 East, Salt Lake City, Utah 84107.

2.    VSoft Corporation ("VSoft") is a Georgia corporation having its principal place of business at 6455 East Johns Crossing, Suite 450, Duluth, GA 30097.  The registered agent listed for VSoft Corporation is Edward D. Hirsch, 3343 Peachtree Road, N.E., Suite 1600, Atlanta, GA 30326-1044.

3.    VServe, Inc. ("VServe") is a subsidiary of VSoft Corporation, a Georgia corporation, and has its principal place of business at 6455 East Johns

Crossing, Suite 450, Duluth, GA 30097.  The registered agent listed for VServe, Inc. is Edward D. Hirsch, 3343 Peachtree Road, N.E., Suite 1600, Atlanta, GA 30326-1044.

## II.    JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Personal jurisdiction over Defendants is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with this State by engaging in activities giving rise to these claims for patent infringement that were and are directed at this judicial district. Further, Defendants are subject to personal jurisdiction in this State because they are corporations duly incorporated under the laws of Georgia.

6.    Venue is proper in this Court and judicial district, pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants maintain or have maintained continuous and systematic contacts with this judicial district, and because Defendants are subject to personal jurisdiction in this state and reside in this judicial district.

WAS:261230.2

## III.    BACKGROUND

7.    NetDeposit, LLC was a software provider for banks, third party processors and commercial businesses to enable check imaging, truncation, optimized clearing and full settlement reporting, including the design and sale of remote deposit capture products and services.    NetDeposit, LLC obtained numerous patents for its check imaging, processing, clearing and other remote deposit capture technology.    On or about October 19, 2010, NetDeposit, LLC changed its name to PPS Data, LLC.    As a result of a name change, Plaintiff PPS Data is now the owner of those patents.

8.    United States Patent No. 7,181,430, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '430 Patent"), was duly and legally issued on February 20, 2007.  A true and correct copy of the '430 Patent is attached hereto as Exhibit A.

9.    United States Patent No. 7,216,106, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '106 Patent"), was duly and legally issued on May 8, 2007.  A true and correct copy of the '106 Patent is attached hereto as Exhibit B.

10.    United States Patent No. 7,440,924, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial

WAS:261230.2

Institution" (hereinafter "the '924 Patent"), was duly and legally issued on October 21, 2008.  A true and correct copy of the '924 Patent is attached hereto as Exhibit C.

11.    United States Patent No. 7,624,071, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '071 Patent"), was duly and legally issued on November 24, 2009.  A true and correct copy of the '071 Patent is attached hereto as Exhibit D.

12.    United States Patent No. 8,660,956, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '956 Patent"), was duly and legally issued on February 25, 2014.  A true and correct copy of the '956 Patent is attached hereto as Exhibit E.

13.    PPS Data is the owner of the entire right, title, and interest in and to the '430, '106, '924, '071 and '956 Patents, including the right to sue for past and present infringements thereof.

14.    Defendant VSoft Corporation designs, manufactures, and markets software, products and services to facilitate remote deposit capture, deposit processing and remote deposit solutions (collectively "VSoft remote deposit solutions").  VSoft's Agile is among these instrumentalities.

4

15.    Defendant VSoft Corporation and its customers and distribution partners advertise, market, support, maintain, distribute, provide and/or disseminate instructions for the use of VSoft's remote deposit solutions, including the VSoft Agile systems.

16.    Defendant VServe, Inc. provides item and data processing services to financial institutions, allowing VSoft's and VServe's customers to outsource VSoft remote deposit solutions to VServe.

## IV.    FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,181,430

17.    PPS Data repeats and re-alleges the allegations of paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.    Defendants have been and now is directly infringing the '430 Patent in this judicial district, and elsewhere in the United States.    Defendants' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '430 Patent.    VSoft's remote deposit solutions, including without limitation VSoft Agile, enable Defendants' customers, or VServe on behalf of Defendants'

5

customers, to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '430 Patent, Defendants are, therefore, liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(a).

19. VSoft Corporation has been and now is directly infringing the '430 Patent in this judicial district, and elsewhere in the United States. Infringements by VSoft Corporation include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '430 Patent. VSoft's remote deposit solutions, including without limitation VSoft Agile, enable VSoft customers to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '430 Patent, VSoft is, therefore, liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(a).

6

WAS:261230.2

20.    VSoft is actively and knowingly inducing infringement of the '430 Patent in this judicial district, and elsewhere in the United States.  VSoft has had notice of the '430 Patent since no later than the filing of this Complaint.  In connection with VSoft's advertising, marketing, sales, distribution, product manuals, and information dissemination concerning VSoft's remote deposit solutions, including without limitation the VSoft Agile systems, VSoft has caused third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, to practice the inventions claimed in the '430 Patent since at least the filing of this Complaint.  Upon information and belief, VSoft has known since at least the filing of this Complaint that its customers' use of VSoft's remote deposit solutions, including without limitation VSoft Agile systems, constitutes infringement of the '430 Patent.  Therefore, VSoft is acting or has acted with knowledge that the induced acts constitute patent infringement, and VSoft intends or has intended to cause patent infringement. Accordingly, VSoft is liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(b).

21.    VSoft is contributing to the infringement by others of the '430 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are a material part of practicing the

7

inventions claimed in the '430 Patent.  Upon information and belief, VSoft has acted with the knowledge that its remote deposit solutions are especially made or adapted for processing financial instrument deposits physically remote from a financial institution, as claimed by the '430 Patent, and for that same reason, its remote deposit solutions are not a staple article or commodity of commerce suitable for substantial noninfringing use.  VSoft advertises, markets, sells, distributes, and/or disseminates information about VSoft's remote deposit solution to third parties, such as customers of VSoft remote deposit solutions, including without limitation the VSoft Agile systems, through its www.vsoftcorp.com website.  VSoft has had notice of the '430 Patent no later than the filing of this Complaint.  Accordingly, VSoft is liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(c).

22.    Third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, directly infringe the '430 Patent by using VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are manufactured, marketed, and/or sold by VSoft to function in a manner that practices the inventions claimed in the '430 Patent.

23.    VSoft is aware that such third parties thereby directly infringe the '430 Patent.

24.     The activities of VSoft have been without an express or implied license from PPS Data.

25.     VSoft's infringement of PPS Data's exclusive rights under the '430 Patent will continue to damage PPS Data's business, as well as the businesses of the multiple parties that have already taken licenses to practice PPS Data's patents, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

26.     As a result of VSoft's infringement of the '430 Patent, PPS Data is entitled to recover from VSoft the damages sustained by PPS Data as a result of VSoft's wrongful acts in an amount subject to proof at trial.

27.     VSoft's continued infringement subsequent to notice of the '430 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys' fees and costs.

## V.     SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,440,924

28.     PPS Data repeats and re-alleges the allegations of paragraphs 1 through 28 of the Complaint as if fully set forth herein.

29.     Defendants have been and now is directly infringing the '924 Patent in this judicial district, and elsewhere in the United States.    Defendants' infringements include, without limitation, making, using, offering for sale, and/or

WAS:261230.2

selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '924 Patent. VSoft's remote deposit solutions, including without limitation VSoft Agile, enable Defendants' customers, or VServe on behalf of Defendants' customers, to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '924 Patent, Defendants are, therefore, liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(a).

30.     VSoft Corporation has been and now is directly infringing the '924 Patent in this judicial district, and elsewhere in the United States. Infringements by VSoft Corporation include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '924 Patent. VSoft's remote deposit solutions, including without limitation VSoft

10

Agile, enable VSoft customers to process financial instrument deposits physically remote from a financial institution.  By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '924 Patent, VSoft is, therefore, liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(a).

31.    VSoft is actively and knowingly inducing infringement of the '924 Patent in this judicial district, and elsewhere in the United States.  VSoft has had notice of the '924 Patent since no later than the filing of this Complaint.  In connection with VSoft's advertising, marketing, sales, distribution, product manuals, and information dissemination concerning VSoft's remote deposit solutions, including without limitation the VSoft Agile systems, VSoft has caused third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, to practice the inventions claimed in the '924 Patent since at least the filing of this Complaint.  Upon information and belief, VSoft has known since at least the filing of this Complaint that its customers' use of VSoft's remote deposit solutions, including without limitation VSoft Agile systems, constitutes infringement of the '924 Patent.  Therefore, VSoft is acting or has acted with knowledge that the induced acts constitute patent infringement, and VSoft intends or has intended to cause patent infringement.

WAS:261230.2

Accordingly, VSoft is liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(b).

32.    VSoft is contributing to the infringement by others of the '924 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are a material part of practicing the inventions claimed in the '924 Patent.  Upon information and belief, VSoft has acted with the knowledge that its remote deposit solutions are especially made or adapted for processing financial instrument deposits physically remote from a financial institution, as claimed by the '924 Patent, and for that same reason, its remote deposit solutions are not a staple article or commodity of commerce suitable for substantial noninfringing use.  VSoft advertises, markets, sells, distributes, and/or disseminates information about VSoft's remote deposit solution to third parties, such as customers of VSoft remote deposit solutions, including without limitation the VSoft Agile systems, through its www.vsoftcorp.com website.  VSoft has had notice of the '924 Patent no later than the filing of this Complaint.  Accordingly, VSoft is liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(c).

33.    Third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, directly infringe the '924 Patent

12

by using VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are manufactured, marketed, and/or sold by VSoft to function in a manner that practices the invention claimed in the '924 Patent.

34.    VSoft is aware that such third parties thereby directly infringe the '924 Patent.

35.    The activities of VSoft have been without an express or implied license from PPS Data.

36.    VSoft's infringement of PPS Data's exclusive rights under the '924 Patent will continue to damage PPS Data's business, as well as the businesses of the multiple parties that have already taken licenses to practice PPS Data's patents, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

37.    As a result of VSoft's infringement of the '924 Patent, PPS Data is entitled to recover from VSoft the damages sustained by PPS Data as a result of VSoft's wrongful acts in an amount subject to proof at trial.

38.    VSoft's continued infringement subsequent to notice of the '924 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys' fees and costs.

WAS:261230.2

## VI.   THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,624,071

39.    PPS Data repeats and re-alleges the allegations of paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.    Defendants have been and now is directly infringing the '071 Patent in this judicial district, and elsewhere in the United States.   Defendants' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '071 Patent.   VSoft's remote deposit solutions, including without limitation VSoft Agile, enable Defendants' customers, or VServe on behalf of Defendants' customers, to process financial instrument deposits physically remote from a financial institution.  By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '071 Patent, Defendants are, therefore, liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

WAS:261230.2

41.    VSoft Corporation has been and now is directly infringing the '071 Patent in this judicial district, and elsewhere in the United States. Infringements by VSoft Corporation include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '071 Patent. VSoft's remote deposit solutions, including without limitation VSoft Agile, enable VSoft customers to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '071 Patent, VSoft is, therefore, liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

42.    VSoft is actively and knowingly inducing infringement of the '071 Patent in this judicial district, and elsewhere in the United States. VSoft has had notice of the '071 Patent since no later than the filing of this Complaint. In connection with VSoft's advertising, marketing, sales, distribution, product manuals, and information dissemination concerning VSoft's remote deposit solutions, including without limitation the VSoft Agile systems, VSoft has caused

15

third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, to practice the inventions claimed in the '071 Patent since at least the filing of this Complaint. Upon information and belief, VSoft has known since at least the filing of this Complaint that its customers' use of VSoft's remote deposit solutions, including without limitation VSoft Agile systems, constitutes infringement of the '071 Patent. Therefore, VSoft is acting or has acted with knowledge that the induced acts constitute patent infringement, and VSoft intends or has intended to cause patent infringement. Accordingly, VSoft is liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(b).

43.    VSoft is contributing to the infringement by others of the '071 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are a material part of practicing the inventions claimed in the '071 Patent. Upon information and belief, VSoft has acted with the knowledge that its remote deposit solutions are especially made or adapted for processing financial instrument deposits physically remote from a financial institution, as claimed by the '071 Patent, and for that same reason, its remote deposit solutions are not a staple article or commodity of commerce suitable for substantial noninfringing use. VSoft advertises, markets, sells,

16

distributes, and/or disseminates information about VSoft's remote deposit solution to third parties, such as customers of VSoft remote deposit solutions, including without limitation the VSoft Agile systems, through its www.vsoftcorp.com website.  VSoft has had notice of the '071 Patent no later than the filing of this Complaint.  Accordingly, VSoft is liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(c).

44.    Third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, directly infringe the '071 Patent by using VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are manufactured, marketed, and/or sold by VSoft to function in a manner that practices the invention claimed in the '071 Patent.

45.    VSoft is aware that such third parties thereby directly infringe the '071 Patent.

46.    The activities of VSoft have been without an express or implied license from PPS Data.

47.    VSoft's infringement of PPS Data's exclusive rights under the '071 Patent will continue to damage PPS Data's business, as well as the businesses of the multiple parties that have already taken licenses to practice PPS Data's patents, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

48.    As a result of VSoft's infringement of the '071 Patent, PPS Data is entitled to recover from VSoft the damages sustained by PPS Data as a result of VSoft's wrongful acts in an amount subject to proof at trial.

49.    VSoft's continued infringement subsequent to notice of the '071 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys' fees and costs.

## VII.  FOURTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,216,106

50.    PPS Data repeats and re-alleges the allegations of paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.    Defendants have been and now is directly infringing the '106 Patent in this judicial district, and elsewhere in the United States.    Defendants' infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '106 Patent.    VSoft's remote deposit solutions, including without limitation VSoft Agile, enable Defendants' customers, or VServe on behalf of Defendants' customers, to process financial instrument deposits physically remote from a

WAS:261230.2

financial institution.  By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '106 Patent, Defendants are, therefore, liable for infringement of the '106 Patent pursuant to 35 U.S.C. § 271(a).

52.    VSoft Corporation has been and now is directly infringing the '106 Patent in this judicial district, and elsewhere in the United States.  Infringements by VSoft Corporation include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '106 Patent.  VSoft's remote deposit solutions, including without limitation VSoft Agile, enable VSoft customers to process financial instrument deposits physically remote from a financial institution.  By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '106 Patent, VSoft is, therefore, liable for infringement of the '106 Patent pursuant to 35 U.S.C. § 271(a).

WAS:261230.2

53.     VSoft is actively and knowingly inducing infringement of the '106 Patent in this judicial district, and elsewhere in the United States.  VSoft has had notice of the '106 Patent since no later than the filing of this Complaint.   In connection with VSoft's advertising, marketing, sales, distribution, product manuals, and information dissemination concerning VSoft's remote deposit solutions, including without limitation the VSoft Agile systems, VSoft has caused third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, to practice the inventions claimed in the '106 Patent since at least the filing of this Complaint.   Upon information and belief, VSoft has known since at least the filing of this Complaint that its customers' use of VSoft's remote deposit solutions, including without limitation VSoft Agile systems, constitutes infringement of the '106 Patent.   Therefore, VSoft is acting or has acted with knowledge that the induced acts constitute patent infringement, and VSoft intends or has intended to cause patent infringement. Accordingly, VSoft is liable for infringement of the '106 Patent pursuant to 35 U.S.C. § 271(b).

54.     VSoft is contributing to the infringement by others of the '106 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are a material part of practicing the

20

inventions claimed in the '106 Patent.  Upon information and belief, VSoft has acted with the knowledge that its remote deposit solutions are especially made or adapted for processing financial instrument deposits physically remote from a financial institution, as claimed by the '106 Patent, and for that same reason, its remote deposit solutions are not a staple article or commodity of commerce suitable for substantial noninfringing use.  VSoft advertises, markets, sells, distributes, and/or disseminates information about VSoft's remote deposit solution to third parties, such as customers of VSoft remote deposit solutions, including without limitation the VSoft Agile systems, through its www.vsoftcorp.com website.  VSoft has had notice of the '106 Patent no later than the filing of this Complaint.  Accordingly, VSoft is liable for infringement of the '106 Patent pursuant to 35 U.S.C. § 271(c).

55.    Third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, directly infringe the '106 Patent by using VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are manufactured, marketed, and/or sold by VSoft to function in a manner that practices the invention claimed in the '106 Patent.

56.    VSoft is aware that such third parties thereby directly infringe the '106 Patent.

57.    The activities of VSoft have been without an express or implied license from PPS Data.

58.    VSoft's infringement of PPS Data's exclusive rights under the '106 Patent will continue to damage PPS Data's business, as well as the businesses of the multiple parties that have already taken licenses to practice PPS Data's patents, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

59.    As a result of VSoft's infringement of the '106 Patent, PPS Data is entitled to recover from VSoft the damages sustained by PPS Data as a result of VSoft's wrongful acts in an amount subject to proof at trial.

60.    VSoft's continued infringement subsequent to notice of the '106 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys' fees and costs.

## VIII.  FIFTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 8,660,956

61.    PPS Data repeats and re-alleges the allegations of paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.    Defendants have been and now is directly infringing the '956 Patent in this judicial district, and elsewhere in the United States.   Defendants' infringement  include, without limitation, making, using, offering for sale, and/or

selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '956 Patent. VSoft's remote deposit solutions, including without limitation VSoft Agile, enable Defendants' customers, or VServe on behalf of Defendants' customers, to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '956 Patent, Defendants are, therefore, liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271(a).

63.     VSoft Corporation has been and now is directly infringing the '956 Patent in this judicial district, and elsewhere in the United States. Infringements by VSoft Corporation include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least VSoft remote deposit solutions incorporating the patented inventions that are described and claimed in the '956 Patent. VSoft's remote deposit solutions, including without limitation VSoft

WAS:261230.2

Agile, enable VSoft customers to process financial instrument deposits physically remote from a financial institution.  By making, using, importing, offering for sale, and/or selling VSoft remote deposit solutions, including without limitation the VSoft Agile systems, and all like systems and methods that are covered by one or more claims of the '956 Patent, VSoft is, therefore, liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271(a).

64.    VSoft is actively and knowingly inducing infringement of the '956 Patent in this judicial district, and elsewhere in the United States.  VSoft has had notice of the '956 Patent since no later than the filing of this Complaint.  In connection with VSoft's advertising, marketing, sales, distribution, product manuals, and information dissemination concerning VSoft's remote deposit solutions, including without limitation the VSoft Agile systems, VSoft has caused third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, to practice the inventions claimed in the '956 Patent since at least the filing of this Complaint.  Upon information and belief, VSoft has known since at least the filing of this Complaint that its customers' use of VSoft's remote deposit solutions, including without limitation VSoft Agile systems, constitutes infringement of the '956 Patent.  Therefore, VSoft is acting or has acted with knowledge that the induced acts constitute patent infringement, and VSoft intends or has intended to cause patent infringement.

24

Accordingly, VSoft is liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271(b).

65.    VSoft is contributing to the infringement by others of the '956 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are a material part of practicing the inventions claimed in the '956 Patent.  Upon information and belief, VSoft has acted with the knowledge that its remote deposit solutions are especially made or adapted for processing financial instrument deposits physically remote from a financial institution, as claimed by the '956 Patent, and for that same reason, its remote deposit solutions are not a staple article or commodity of commerce suitable for substantial noninfringing use.  VSoft advertises, markets, sells, distributes, and/or disseminates information about VSoft's remote deposit solution to third parties, such as customers of VSoft remote deposit solutions, including without limitation the VSoft Agile systems, through its www.vsoftcorp.com website.  VSoft has had notice of the '956 Patent no later than the filing of this Complaint.  Accordingly, VSoft is liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271(c).

66.    Third parties, such as customers of VSoft remote deposit solutions, including without limitation VSoft Agile systems, directly infringe the '956 Patent

by using VSoft remote deposit solutions, including without limitation VSoft Agile systems, which are manufactured, marketed, and/or sold by VSoft to function in a manner that practices the invention claimed in the '956 Patent.

67.    VSoft is aware that such third parties thereby directly infringe the '956 Patent.

68.    The activities of VSoft have been without an express or implied license from PPS Data.

69.    VSoft's infringement of PPS Data's exclusive rights under the '956 Patent will continue to damage PPS Data's business, as well as the businesses of the multiple parties that have already taken licenses to practice PPS Data's patents, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

70.    As a result of VSoft's infringement of the '956 Patent, PPS Data is entitled to recover from VSoft the damages sustained by PPS Data as a result of VSoft's wrongful acts in an amount subject to proof at trial.

71.    VSoft's continued infringement subsequent to notice of the '956 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys' fees and costs.

## IX.    PRAYER FOR RELIEF

WHEREFORE, PPS Data respectfully requests that this court enter:

a.    A judgment in favor of Plaintiff PPS Data that Defendants have infringed the asserted patents;

b.    A temporary, preliminary, and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in concert therewith from infringement, including directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patents;

c.    A judgment and order requiring Defendants to pay PPS Data its damages, costs, expenses and prejudgment and post-judgment interest for their infringement of the asserted patents as provided under 35 U.S.C. § 284;

d.    A judgment and order finding that the damages awarded to PPS Data be increased up to three times in view of Defendants' willful infringement of the asserted patents as provided under 35 U.S.C. § 284;

e.    A judgment and order declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PPS Data its reasonable attorneys' fees and other expenses incurred in connection with this action;

f.    Any and all other relief as this Court may deem just and proper be awarded to Plaintiff PPS Data.

WAS:261230.2

## X.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), PPS Data hereby demands a trial by jury of any issues so triable by right.


Dated: January 9, 2015

Respectfully submitted,

CLAYTON, MCKAY & BAILEY P.C.

_____ / Brannon McKay / _____
Brannon C. McKay
Georgia Bar Number 558603
Benjamin D. Bailey
Georgia Bar Number 117201

**Of Counsel:**

877 Hillwood Dr.
Marietta, GA 30068
Tel. 404-414-8633
Fax. 404-704-0670
bmckay@cmbpc.com
bbailey@cmbpc.com

Anthony H. Son
Sean S. Wooden
ANDREWS KURTH LLP
1350 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel. 202-662-2700
AnthonySon@andrewskurth.com
SeanWoodend@andrewskurth.com

*Counsel for Plaintiff PPS Data, LLC*

WAS:261230.2